Lownes, Orgill & Co. vs Brown et al.

A plea in abatement, which omits, in its conclusion, a prayer of judgment, or which prays a wrong one, is bad.

*Error to Jackson Circuit Court.*

Hon. William C. Bevens, Circuit Judge.

Owen, for the plaintiffs.

A plea in abatement must not only conclude with a prayer of judgment, but the particular kind of judgment prayed for must be specified. 1 *Ch. Pl.* 460 ; 4 *New Hamp. R.* 76 ; 6 *Ib.* 434.

Mr. Chief Justice English delivered the opinion of the court.

To an action of debt brought by the plaintiffs in error, one of the defendants interposed the following plea.

" And the said defendant, Thomas N. Brown, by attorney, comes and defends the wrong and injury when &c., and prays judgment of the writ in this cause, because he says that the said plaintiffs before, and at the time, and after the commencement of this suit, were non-residents of the State of Arkansas, and that they, the said plaintiffs, did not file any bond for costs, as required by law, before the institution of this suit, and this the said defendant is ready to verify."

The plaintiff demurred to the plea on the ground : 1st. That the commencement of the plea prays judgment of the writ only, when it should have prayed judgment of the writ and declara-

tion both : 2d. That the conclusion of the plea prays no judgment, &c., &c.

The court overruled the demurrer, the plaintiffs rested, and judgment was rendered for defendants.

1st. A plea in abatement, for matter apparent upon the face of the writ, should, in general, both *begin and conclude* by praying judgment of the writ, (or of the writ and declaration,) and that the same may be quashed: but where the cause of abatement is *extrinsic*, the plea, it is said, should not *begin*, but only *conclude* with the prayer. The precedents, however, do not all appear to conform to this distinction. *Gould's Plead., chap.* 4 *sec.* 142.

Here the cause of abatement set up in the plea was not apparent upon the face of the writ or declaration, but was *extrinsic ;* hence, according to the above rule, it was not necessary for the plea to begin by praying judgment of the writ and declaration, or either.

2d· Upon pleas in *bar*, the court will give such judgment as appears to them to be the proper one, upon a consideration of the whole record ; but upon pleas in abatement, they will give no other judgment than that prayed for by the party ; hence, the necessity of great correctness in the conclusion of a plea in abatement; for if the defendant *omit therein to pray judgment*, or pray a wrong one, the plea is bad. *Arch. Civ. Plead. p.* 303 ; *Withers vs. Green*, 9 *How. U. S.* 333 ; 3 *T. R.* 185.

In the plea before us, the defendant prayed no judgment at all, and therefore, the plea was bad. *Gould's Pl., chap.* 5, *sec.* 156.

The judgment must be reversed, and the cause remanded, with instructions to the court below to sustain the demurrer to the plea.